UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Dawn Weseman-Roth,

        Plaintiff,

v.

Conversion Solutions LLC, Gevity HR, III
LP, Charles Allan Robillard, Jr., d/b/a
Sundance Consulting, Global Escapes,
Shell Vacations, John Doe, and ABC
Company,

        Defendants.

Civil No.: 06-1185 (DSD/JJG)

**REPORT AND RECOMMENDATION**

JEANNE J. GRAHAM, United States Magistrate Judge

      This matter is before the Court on Defendant Gevity HR, III LP's Motion to Dismiss (Doc. No. 6). The case has been referred to the undersigned for resolution of pretrial matters pursuant to 28 U.S.C. § 636 and D. Minn. LR 72.1. Plaintiff has failed to file a responsive memorandum, and the Court has not received any explanations or requests for filing deadline extensions from Plaintiff's counsel.[1] For the reasons stated herein, the undersigned recommends Gevity's Motion to Dismiss be granted in part and denied in part. Specifically, it is recommended that Gevity's request to dismiss Plaintiff's Title VII claims

---

[1] L.R. 7.1(d) provides that when a party fails to timely file a memorandum of law, the Court may refuse to hear oral argument, allow reasonable attorney's fees, or "proceed in such other manner as the Court deems appropriate." D. Minn. L.R. 7.1(d) (2005). In the absence of any response from Plaintiff, Plaintiff's position on Gevity's motion to dismiss will be viewed as one of non-opposition. *See Dadhi v. American Sec. Corp., LLC*, No. 04-4534 (DWF/JSM) 2005 WL 475340 at *2 (June 22, 2005, D. Minn.). However, the Court must still determine whether the Gevity is entitled to dismissal as a matter of law. *Interstate Power Co. v. Kan. City Power & Light Co.,* 992 F.2d 804, 807 (8th Cir.1993).

be granted, that the Court then decline to exercise supplemental jurisdiction over Plaintiff's pendent state law claims, and that the matter be remanded to the state court from which it was previously removed.

## I. INTRODUCTION

Plaintiff, Dawn Weseman-Roth, brings this action against defendants alleging sexual harassment and retaliation under Title VII of the Civil Rights Act of 1964, as amended ("Title VII"), sexual harassment, reprisal and aiding and abetting under the Minnesota Human Rights Act ("MHRA"), and state law claims of assault and battery and negligent retention and supervision. Defendant Gevity HR, III LP ("Gevity") filed a motion to dismiss Plaintiff's action pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). Gevity alleges (1) Plaintiff failed to satisfy the jurisdictional prerequisites for bringing suit under Title VII, (2) Plaintiff's claims under the MHRA are time-barred, and (3) Plaintiff has failed to allege sufficient facts to support her statutory and state law claims. Gevity seeks dismissal of all claims with prejudice.

Defendants Conversion Solutions LLC, Charles Allan Robillard, Jr. and Global Escapes ("the co-defendants") filed a joint memorandum in opposition to portions of Gevity's motion. The co-defendants do not oppose the dismissal of Plaintiff's Title VII and common law claims. However, the co-defendants object to the dismissal of Gevity from this case on the grounds that Gevity and the co-defendants were joint-employers of Plaintiff, as that term is defined under applicable law, and would thus be jointly liable for any of the damages found owing pursuant to the allegations in Plaintiff's Complaint.[2]

---

[2] Gevity urges the Court to disregard the joint-memorandum of the co-defendants claiming they have no standing to submit an opposition to Gevity's motion to dismiss in the absence of any cross claim against Gevity by any co-defendant. The Court takes note of the absence of the assertion of a cross claim by any of the co-defendants in this case, but finds these circumstances are governed by L.R. 7.1(b)(2), which states in relevant part: "[a]ny party responding to the motion shall file and serve [responsive documents] ... at least 20 days prior to the hearing." This Rule contains no limitations on

## II.   RELEVANT FACTUAL BACKGROUND[3]

From June 16, 2003, through August 26, 2004, Plaintiff was employed by a company which initially identified itself as Conversion Solutions and was also known during the course of Plaintiff's employment by the names of Gevity HR, III LP, Global Escapes, and Shell Vacations. Complaint at ¶ 9. Two of Plaintiff's immediate supervisors while employed at Conversion Solutions were a sales associate named Mark Geiger and Defendant Robillard. *Id.* at ¶ 12, 18. According to the allegations in the Complaint, Geiger made sexually motivated comments to Plaintiff and directed sexually motivated behavior at Plaintiff during the fall and winter of 2003. *Id.* at ¶ 19. On January 1, 2004, after a group of co-workers, including Plaintiff and Geiger, met for after-work drinks, Geiger took Plaintiff back to his residence and sexually assaulted her. *Id.* at ¶¶ 23-24. Plaintiff reported the assault to James Carey, the owner of Conversion Solutions, and to the police. *Id.* at ¶ 25, 27. Plaintiff also informed a manager at Conversion Solutions and Robillard of Geiger's past sexual conduct towards her. *Id.* at ¶ 29. Upon returning to work, Plaintiff was afraid of Geiger and avoided contact with him. *Id.* at ¶ 34. Plaintiff also felt she was treated coldly by her supervisors. *Id.* at ¶ 35. Plaintiff was demoted with a reduction in pay in February 2004. *Id.*

The Complaint also alleges that in early February 2004, Geiger again engaged in sexually harassing conduct toward Plaintiff. *Id.* at ¶ 38. Over the next few months Geiger's sexual harassment of Plaintiff escalated in content and frequency to the point where it included verbal and physical harassment that

---

the scope of the phrase "any party," and the Court will not impose any such limitation here. The co-defendants' have timely filed their response in opposition to Gevity's motion and it will be accepted by the Court.

[3] In considering Gevity's Motion to Dismiss, the Court must construe the allegations in the pleadings in a light most favorable to the nonmovant, including taking the facts alleged in the Complaint as true. *See Westcott v. City of Omaha,* 901 F.2d 1486, 1488 (8th Cir.1990).

occurred every day. *Id*. at ¶ 38. Other employees at Plaintiff's workplace were aware of Geiger's behavior. *Id.* at ¶¶ 41. Other female employees also complained to Robillard that Geiger had sexually harassed them. *Id.* at ¶ 47. The harassment continued until Geiger resigned his position in July 2004. *Id.* at 38. On August 26, 2004, police informed Plaintiff that an arrest warrant had been issued for Geiger on charges of first degree sexual conduct relating to the assault on Plaintiff. *Id.* at ¶ 55.

Plaintiff informed her managers about the issuance of the arrest warrant. *Id.* at ¶ 57. Shortly thereafter, Robillard approached Plaintiff's desk and yelled at her for involving the police and for talking about the Geiger situation at work. *Id.* at ¶ 58. Robillard told Plaintiff that he wanted her to keep quiet about it because he didn't want the police showing up at the office. *Id.* Robillard asked Plaintiff if she was making up the story about the arrest warrant. *Id.* Plaintiff felt frightened by Robillard's conduct and turned in her resignation the following day. *Id.* at ¶ 60.

## III. DISCUSSION

### A. Standard of Review

In deciding a motion to dismiss, the Court construes the allegations in the pleadings in a light most favorable to the nonmovant, including taking the facts alleged in the Complaint as true. *Westcott,* 901 F.2d at 1488. The Complaint should be liberally construed in Plaintiff's favor and should not be dismissed under Rule 12(b)(6) unless it appears that Plaintiff can prove "no set of facts which would entitle him to relief." *Id.*

In addressing a motion to dismiss based on Rule 12 (b)(1), the court may review evidence outside the pleadings without converting the motion to one for summary judgment under Rule 56. *See* Fed.R.Civ.P. 12(b); *Deuser v. Vecera,* 139 F.3d 1190, 1191 n. 3 (8th Cir.1998) ("The district court has the authority

4

to consider matters outside the pleadings on a motion challenging subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1).")(citation to quoted case omitted).  Attached to Gevity's motion is the affidavit of Constance Gorman, Human Resources Consultant for Gevity in its Minneapolis Branch Office.  Gevity contends it is appropriate for the Court to consider the Gorman affidavit because Gevity is moving to dismiss the Complaint, in part, on the basis of a lack of subject matter jurisdiction.  Specifically, Gevity contends its challenge to Plaintiff's Title VII claims on the grounds that she failed to exhaust her administrative remedies is a jurisdictional challenge, and it is, therefore, appropriate for the Court to consider matters outside of the Complaint in deciding whether to dismiss Plaintiff's Title VII claim.

The Court disagrees.  The United States Supreme Court has held that timely filing with the EEOC of a charge of discrimination in violation of Title VII is not "jurisdictional" in nature; rather, it is a mere statutory condition precedent to equitable tolling or waiver. *Zipes v. Trans World Airlines,* 455 U.S. 385, 393 (1982); *see also Dorsey v. Pinnacle Automation Co.,* 278 F.3d 830, 835 (8th Cir. 2002) (ADA case citing *Zipes v. Trans World Airlines*).  The Eighth Circuit has determined that dismissal in accordance with Federal Rule of Civil Procedure 12(b)(6) is warranted if a plaintiff employee fails to adhere to and exhaust her administrative remedies. *See Peanick v. Morris*, 96 F.3d 316, 321 (8th Cir. 1996).  Under these principles, the Court concludes Gevity's arguments for dismissal of Plaintiff's Title VII claims are not jurisdictional in nature, and the Court employs the standards of Rule 12(b)(6) in examining Gevity's arguments in support of dismissal.

Rule 12(b)(6) of the Federal Rules of Civil Procedure provides for conversion of a motion to dismiss into a motion for summary judgment, as follows:

> If, on a motion asserting the defense numbered (6) to dismiss for failure of the pleading to state a

>claim upon which relief can be granted, matters outside the pleading are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56, and all parties shall be given reasonable opportunity to present all material made pertinent to such a motion by Rule 56.

Fed. R. Civ. P. 12(b). In the instant motion, Gevity and the co-defendants have both submitted matters outside the pleadings for the Court's consideration. Again, the Court notes Plaintiff's failure to submit any arguments or materials in response to Gevity's or the co-defendants' contentions in support of dismissal, which included materials outside the pleadings. Plaintiff's silence is particularly pronounced given the briefing time allotted under the Local Rules and the time that has passed since Gevity's motion was first taken under advisement by this Court. Under these circumstances, the Court concludes all parties, including Plaintiff, have been afforded a reasonable opportunity to present all material pertinent to a motion pursuant to Rule 56, and the Court converts Gevity's motion into one for summary judgment.

Summary judgment is proper if, drawing all reasonable inferences favorable to the non-moving party, there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249-50 (1986); *Unigroup, Inc. v. O'Rourke Storage & Transfer Co.*, 980 F.2d 1217, 1219 (8th Cir. 1992). The party moving for summary judgment bears the burden of showing that the material facts in the case are undisputed. *Celotex Corp.*, 477 U.S. at 322-23; *see also Mems v. City of St. Paul, Dep't of Fire & Safety Services*, 224 F.3d 735, 738 (8th Cir. 2000). If the moving party has carried its burden, the non-moving party must demonstrate the existence of specific facts in the record that create a genuine issue for trial. *Anderson,* 477 U.S. at 256; *Krenik v. County of LeSueur*, 47 F.3d 953, 957 (8th Cir. 1995).

6

**B.      Plaintiff's Claims under Title VII Are Barred**

The Court first applies this summary judgment standard to Plaintiff's Title VII claims. A plaintiff may not assert a claim under Title VII unless she has filed a timely charge with the EEOC and, in most cases, the EEOC issues a notice, commonly called a right-to-sue letter. *See* 42 U.S.C. §§ 2000e-5(e)(1), 2000e-5(f)(1); *Alexander v. Gardner-Denver Co.,* 415 U.S. 36, 47 (1974); *Hanenburg v. Principal Mut. Life Ins. Co.*, 118 F.3d 570, 573 (8th Cir. 1997). Gevity asserts Plaintiff's Title VII claims should be dismissed as a matter of law because Plaintiff failed to satisfy the preconditions for filing the claims with this Court. Gevity contends there is no specific evidence in the record indicating Plaintiff filed a charge with the Equal Employment Opportunity Commission ("EEOC ") as required under 42 U.S.C. § 2000e 5(b), and argues the Charge Plaintiff filed with the Minnesota Human Rights Department ("MHRD") is insufficient to satisfy the EEOC filing requirements. Gevity submits a copy of the Minnesota Charge filed by Plaintiff to demonstrate that it only alleges violations of the MHRA, and does not raise any claims under Title VII. As such, Gevity contends, the Minnesota Human Rights Department would not have automatically cross-filed Plaintiff's Charge with the EEOC, as it would have if there were Title VII claims alleged in the Charge pursuant to the Work Share Agreement Between the two agencies.[4] The Court also notes that Gevity,

---

[4] Because Minnesota prohibits disability discrimination, and has established the Minnesota Department of Human Rights ("MDHR") to process disability discrimination complaints, Minnesota is considered to be a "deferral" State. *See* Title 42 U.S.C. §§ 2000e-5(e)(1); 29 C.F.R. § 1601.74(a) (listing MDHR as designated State deferral agency). Therefore, Plaintiff was obliged to first pursue relief with the MDHR, before filing any EEOC claim. Even when a claimant timely complains to the MDHR, she must also file a charge with the EEOC in order to preserve her right to assert a discrimination claim. *Hanenburg v. Principal Mutual Life Ins. Co.,* 118 F.3d 570, 573 (8th Cir.1997). The MDHR shortcuts this process by cross-filing with the EEOC, any charge it receives that "alleges a violation of the antidiscrimination laws administered by EEOC ...."

7

through the affidavit of Ms. Gorman, states it has not participated in any administrative proceedings related to the Charge Plaintiff filed with the MHRD. *See* Gorman Affidavit at ¶ 7. Thus, according to Gevity, there is no evidence that any Charge has been filed with the EEOC on behalf of the Plaintiff; a prerequisite for asserting her Title VII claims in this case. Gevity contends this failure dictates a finding of a lack of exhaustion of administrative remedies and requires dismissal of Plaintiff's Title VII claims from this lawsuit as a matter of law.

In reviewing the Charge of Discrimination Plaintiff filed with the MDHR, the Court first notes the text at the top of page one indicating the Charge was "PREPARED BY LEGAL COUNSEL." Thus, unlike many claimants who file Charges of Discrimination with the MHRD, Plaintiff in this matter was not proceeding pro se before the state agency. Thus, Plaintiff had the benefit of counsel in completing the standard Charge-form that was submitted to the MHRD. Gevity is correct that the Charge does not contain a single reference to Title VII, nor does it reference any other federal law. The only laws that are alleged to have been violated in the Charge are Minnesota Statutes, specifically Minnesota Statute, Sections 363A.08, subd. 2(b) and (c) and 363A.15.

The only evidence in the Record that supports a finding that Plaintiff filed a Charge with the EEOC is contained in Paragraph 62 of the Complaint. In Paragraph 62, Plaintiff generally asserts she "filed a charge of discrimination with the Minnesota Department of Human Rights and the Equal Employment Opportunity Commission and received right to sue letters from both agencies within the applicable time limits." Complaint at ¶ 62. The Complaint does not, however, specifically identify any dates associated with Plaintiff's factual assertions, either within the text of Paragraph 62 or elsewhere in the Complaint. Plaintiff did not append copies of any Charges of Discrimination or right-to-sue letters to the Complaint,

and has presented none to the Court in the face of Gevity's assertions that no such Charge was filed by Plaintiff. Ms. Gorman's affidavit indicating Gevity has not participated in <u>any</u> administrative proceeding relating to the Charge Plaintiff filed with the MHRD is further undisputed evidence, that the EEOC never received a Charge regarding Plaintiff's allegations of discrimination, as any such charge received by the EEOC would have been acted upon by the agency.

When a moving party has carried its burden of demonstrating the absence of disputed material fact, the non-moving party must demonstrate the existence of specific facts in the record that create a genuine issue for trial. *Anderson,* 477 U.S. at 256; *Krenik v. County of LeSueur*, 47 F.3d 953, 957 (8th Cir. 1995). The nonmoving party may not "rest on mere allegations or denials, but must demonstrate on the record the existence of specific facts that create a genuine issue for trial." *Krenik*, 47 F.3d at 957. The non-moving party "must substantiate his allegations with sufficient probative evidence that would permit a finding in [his] favor based on more than mere speculation, conjecture, or fantasy." *Wilson v. International Business Machines Corp.*, 62 F.3d 237, 241 (8th Cir. 1995). In the absence of any opposition to Gevity's motion, Plaintiff has failed to meet her evidentiary burden in this regard.

The Court finds there is no evidence in the summary judgment record that Plaintiff has satisfied the preconditions for filing suit under Title VII. Plaintiff presents no evidence that she filed a Charge of Discrimination with the EEOC. The Complaint contains only vague and conclusory assertions of timely administrative compliance. The face of the Charge of Discrimination filed with the MHRD, obtained through the submissions of Defendants in the context of the instant motion and not from Plaintiff, is devoid of any reference to a federal statute that would demonstrate a Charge would have been filed with the EEOC by the MHRD. This evidence is insufficient to demonstrate the existence of a genuine issue for trial.

9

The Court concludes that the Plaintiff, through her total silence in response to Gevity's allegations that she did not file an EEOC charge, has effectively conceded that she did not file a discrimination charge with the EEOC, either directly or through the Work Share Agreement between the MDHR and the EEOC.

Moreover, the co-defendants have raised no opposition to Gevity's arguments regarding dismissal of Plaintiff's Title VII claims, and concur in Gevity's argument and request for dismissal of these claims. Accordingly, on the basis of the record before it, the Court finds there are no genuine issues of material fact in dispute regarding Plaintiff's failure to exhaust her administrative remedies as required before bringing civil claims under Title VII. Absent this required exhaustion, Plaintiff's Title VII claims are barred, and dismissal of Counts Four and Five is warranted. *See Hanenburg v. Principal Mut. Life Ins. Co.*, 118 F.3d 570, 573 (8th Cir. 1997) (Affirming district court's finding that Plaintiff's failure to exhaust administrative remedies barred Title VII claims from suit).

### C. Supplemental Jurisdiction Should Be Declined And The Case Remanded

Counts One, Two, Three, Six and Seven of the Complaint allege state law claims. These claims do not present questions of federal law, nor does diversity of citizenship exist between the parties that would provide this Court with jurisdiction under 28 U.S.C. § 1332. Plaintiff originally brought the Complaint in state court. Pursuant to 28 U.S.C. § 1446, Defendant Gevity removed the action to this Court on the basis of federal question jurisdiction under 28 U.S.C. § 1331.

Under these circumstances, the Court has no independent jurisdiction over the remaining state law claims. The Court had supplemental jurisdiction over Plaintiffs' state law claims under 28 U.S.C. § 1367(a). Having dismissed all claims over which it had original jurisdiction, the Court may decline to exercise supplemental jurisdiction over the remaining state law claims. 28 U.S.C. § 1367(c).

The Eighth Circuit has stressed "the need to exercise judicial restraint and avoid state law issues wherever possible." *Condor Corp. v. City of St. Paul,* 912 F.2d 215, 220 (8th Cir.1990). The Eighth Circuit has also recognized "within principles of federalism the necessity to provide great deference and comity to state court forums to decide issues involving state law questions." *Id..* Pursuant to these directives, and in consideration of the fact that Plaintiff originally sought to pursue her claims in the state court, the undersigned concludes it is appropriate in this case to decline to exercise supplemental jurisdiction and to dismiss Plaintiff's pendent state claims. This dismissal must be without prejudice, see *Franklin v. Zain,* 152 F.3d 783 (8th Cir.1998), and the undersigned so recommends.

### IV. RECOMMENDATION

Based upon the undersigned's consideration of the submitted memoranda, affidavits and exhibits, and the entire file and record in this matter, **IT IS HEREBY RECOMMENDED** that:

1. Defendant Gevity's Motion to Dismiss (Doc. No. 6) be **GRANTED** to the extent that Plaintiff's Title VII claims, Counts Four and Five, be **DISMISSED WITH PREJUDICE,** and that the motion be **DENIED IN ALL OTHER RESPECTS**; and

2. The Court decline to exercise supplemental jurisdiction on Plaintiff's pendent state law claims, and this matter be **REMANDED** to the state court from which it was previously removed.

Dated: February 6, 2007          s/Jeanne J. Graham
                                 _____
                                 JEANNE J. GRAHAM
                                 United States Magistrate Judge

Pursuant to D. Minn. LR 72.2(b), any party may object to this Report and Recommendation by filing and serving specific, written objections by February 27, 2007. A party may respond to the objections

11

within ten days after service thereof.  Any objections or responses filed under this rule shall not exceed 3,500 words.  A District Judge shall make a de novo determination of those portions to which objection is made.  Failure to comply with this procedure shall operate as a forfeiture of the objecting party's right to seek review in the United States Court of Appeals for the Eighth Circuit.